IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-17-122-SLP |
| OSCAR ANDRES BERNAL LOPEZ, | ) ) ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 847]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 853] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 848]. Also before the Court is Defendant's Motion for Appointment of Counsel [Doc. No. 861]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED and Defendant's Motion for Appointment of Counsel is DENIED.

**I.     Background**

On April 24, 2018, Defendant pleaded guilty to: (1) distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and (2) conspiracy to launder money (Count 99). *See* Doc Nos. 463-466. On October 17, 2018, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 577. As

to Count 3, the PSR calculated a base offense level of 38, plus a two-level increase because the methamphetamine involved in the offense was unlawfully imported from Mexico. PSR at ¶¶ 41-42. An additional four-level increase resulted from Defendant's role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. *Id*., ¶ 44. This resulted in an adjusted offense level of 44. *Id*., ¶ 46.

As to Count 99, the PSR calculated a base offense level of 40, plus a two-level increase because Defendant was convicted under 18 U.S.C. § 1956. *Id*., ¶¶ 447-48. An additional four-level increase resulted from defendant's role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. *Id*., ¶ 50. This resulted in an adjusted offense level of 46. *Id*., ¶ 52.

Counts 3 and 99 were grouped pursuant to U.S.S.G. § 3D1.2(c), resulting in an adjusted offense level of 46. *Id*., ¶¶ 53-54. After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 43. *Id*., ¶¶ 56-58.

The PSR calculated a total criminal history score of zero for Defendant, placing him in a criminal history category of I. *Id*., ¶¶ 61-62. Combining Defendant's total offense level of 43 and criminal history category of I, the PSR recommended a guideline range of life imprisonment. *Id*., ¶ 85. However, the statutorily authorized maximum sentence was 720 months' imprisonment. *Id*.

On December 18, 2018, the Court adopted the PSR without change and sentenced Defendant to 144 months' imprisonment as to each of the two Counts, to be served concurrently. Doc. No. 706.

On December 5, 2023, Defendant filed the pending Motion. He seeks a reduction

pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

II. **Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C

Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all ten of the listed criteria.[1]

### III. Analysis

Because Defendant has zero criminal history points, he contends he is a zero-point offender entitled to a decrease in two offense levels. But Defendant fails to meet all ten eligibility criteria. Specifically, Defendant fails to meet U.S.S.G. § 4C1.1(a)(10). As set forth, Defendant received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) for being an organizer or leader in criminal activity. *See* Doc. 677, PSR, ¶¶ 44, 50. A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and Amendment 821.

---

[1] Those ten criteria are:
>    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
>    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
>    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
>    (4) the offense did not result in death or serious bodily injury;
>    (5) the instant offense of conviction is not a sex offense;
>    (6) the defendant did not personally cause substantial financial hardship;
>    (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>    (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
>    (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>    (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

Accordingly, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Sentence Reduction [Doc. No. 847] is DISMISSED.

IT IS FURTHER ORDERED that Defendant's Motion for Appointment of Counsel [Doc. No. 853] is DENIED.[2]

IT IS SO ORDERED this 17th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[,]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). Because Defendant is ineligible for a sentence reduction under Amendment 821, the Court, in its discretion, denies Defendant's request for appointment of counsel.